1  Michele R. Stafford, Esq. (SBN 172509)
   Luz E. Mendoza, Esq. (SBN 303387)
2  SALTZMAN & JOHNSON LAW CORPORATION
3  1141 Harbor Bay Parkway, Suite 100
   Alameda, California 94502
4  Telephone: (510) 906-4710
   Email: mstafford@sjlawcorp.com
5  Email: lmendoza@sjlawcorp.com

6  Attorneys for Plaintiffs, Sheet Metal Workers
7  Pension Trust of Northern California, et al.

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA; | Case No. |
| SHEET METAL WORKERS LOCAL 104 HEALTH CARE TRUST; | **COMPLAINT** |
| SHEET METAL WORKERS LOCAL 104 SUPPLEMENTAL PENSION FUND; | |
| SHEET METAL WORKERS LOCAL 104 VACATION-HOLIDAY SAVINGS FUND; | |
| SHEET METAL WORKERS LOCAL 104 AND BAY AREA INDUSTRY TRAINING FUND; and | |
| RICK WERNER and SEAN O'DONOGHUE, Trustees, | |
| Plaintiffs, | |
| v. | |
| HVAC SERVICE HEATING & AIR CONDITIONING, INC., a Dissolved California Corporation; and AIR SYNERGY, INC., a California Corporation, | |
| Defendants. | |

1

**COMPLAINT**
**Case No.**

Parties

1. The Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Health Care Trust, Sheet Metal Workers Local 104 Supplemental Pension Fund, Sheet Metal Workers Local 104 Vacation-Holiday Savings Fund, and Sheet Metal Workers Local 104 And Bay Area Industry Training Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3) and are multi-employer plans as defined by ERISA §3(37)(A) (29 U.S.C. §1002(37)(A)). Plaintiffs Boards of Trustees are the named fiduciaries of Plaintiffs' Trust Funds under ERISA §402(a), 29 U.S.C. §1002(a). Plaintiffs Rick Werner and Sean O'Donoghue are Trustees of the Trust Funds with authority to act on behalf of all Trustees. Plaintiffs Board of Trustees of the Sheet Metal Workers Pension Trust are authorized to bring suit and collect monies for all Plaintiffs, including all other funds to which Defendant HVAC Service Heating & Air Conditioning is obligated to contribute under the Bargaining Agreements described below. These employee benefit plans and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs".

2. Defendant HVAC Service Heating & Air Conditioning, Inc., a Dissolved California Corporation ("HVAC") is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

3. Defendant Air Synergy, Inc., a California Corporation ("Air Synergy") was formed by Defendant HVAC's Responsible Managing Officer/ Chief Executive Officer/ Secretary/ President Alberto Mendez on May 29, 2019 after Defendant HVAC filed for Chapter 7 bankruptcy on May 2, 2019. Defendant Air Synergy substantially continued the business operations of Defendant HVAC such that Defendant Air Synergy is liable for Defendant HVAC's liability to Plaintiffs as a successor employer. Plaintiffs allege that Defendant Air Synergy is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

4. Defendant HVAC and Defendant Air Synergy are collectively referred to herein as "Defendants."

///

///

Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132 and federal common law, 28 U.S.C. § 1331, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, seek all other appropriate relief under ERISA, and seek relief under federal common law successor liability.

6. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

8. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in San Ramon, California. Thus, jurisdiction and venue are properly grounded with this Court.

9. Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Sheet Metal Workers International Association Local Union 104 (the "Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

///

///

Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Contra Costa, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant HVAC therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreement

11. Defendant HVAC entered into the Standard Form Union Agreement (the "Bargaining Agreement") between the Union and Bay Area Association of Sheet Metal and Air Conditioning Contractors National Association Chapters ("SMACNA"). Defendant HVAC also entered into Subscription Agreements (the "Subscription Agreements") for Owner/Members and Non-Bargaining Members with the Sheet Metal Workers Pension Plan of Northern California. The Bargaining Agreement and the Subscription Agreements are referred to collectively herein as the "Bargaining Agreements." The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), require HVAC to make payment of employer contributions to Plaintiffs' Trust Funds, to the union for union dues, and to the other plans more fully described in the Bargaining Agreements and the Plan Documents of the Plaintiff ERISA Trust Funds. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

12. Under the terms of the Bargaining Agreements, and the Trust Agreements incorporated therein, HVAC is required to pay certain contributions to: the following funds: Sheet Metal Workers' ("SMW") 104 Union Dues Check-off, SMW 104 Vacation, SMW Local 104 Health Care Plan, SMW Northern California Pension Plan, SMW National Pension Plan, SMW Local 104 Supplemental Pension Fund, SMW Local 104 and Bay Area Industry Training Fund, Robert G. Mammini SMW Local Union No. 104 Scholarship Fund, Contractor Association Industry Fund, SMW Local 104 Supplemental Health Care Plan, International Training Institute, National Energy Management Institute Committee, Sheet Metal Occupational Health Institute Trust, and SMACNA Industry Fund (collectively referred to herein as the "Bargained Entities") and dues to the Union. Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreement and Trust Agreements.

13. Under the Bargaining Agreements, and the Trust Agreements incorporated therein, Defendant HVAC is required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by HVAC's employees. Contributions are due on the twenty-second (22nd) day of the month following the month during which hours were worked, and are considered delinquent if not received by that day. Also, under the terms of the Bargaining Agreement, and the Trust Agreements incorporated therein, Defendant HVAC is required to pay liquidated damages for each delinquent contribution payment, and interest on unpaid contributions from the delinquent date until paid, at the rates set by the Bargaining Agreement and Trust Agreements. Finally, the Bargaining and the Trust Agreements require Defendant HVAC to reimburse Plaintiffs for attorneys' fees and costs incurred in relation to the collection of Defendant HVAC's delinquent contributions.

14. The Bargaining and Trust Agreements further require Defendant HVAC to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant HVAC as is necessary to determine whether Defendant HVAC has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant HVAC's records reveal Defendant HVAC has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant HVAC must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining, Trust, and Subscription Agreements.

### Factual Allegations

15. Defendant HVAC has failed and refused to pay contributions for hours worked by its employees during the months of January through March 2019. Liquidated damages and interest are due on all delinquent contributions.

16. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendant HVAC failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendant HVAC.

///

17. On May 2, 2019, Defendant HVAC filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code, Case No. 19-41051.

18. Plaintiffs are informed and believe that on May 29, 2019, Defendant Air Synergy was formed by Defendant HVAC's Responsible Managing Officer/ Chief Executive Officer/ Secretary/ President Alberto Mendez. Attached hereto as Exhibit 1 is a true and correct copy of the Contractor's State Licensing Board's ("CSLB") Contractor's License Detail for Defendant Air Synergy indicating that Defendant Air Synergy's license was issued on May 29, 2019.

19. Plaintiffs are informed and believe that Defendant Air Synergy is the successor of Defendant HVAC and therefore liable for all amounts Defendant HVAC owes to Plaintiffs.

20. On January 31, 2020, Defendant HVAC received a final decree on its Chapter 7 bankruptcy filing. Corporations may not discharge their debts in a liquidation proceeding under Chapter 7 of the Code. *See Collier on Bankruptcy* at 727-7 -- 727-9 [*379] (15th ed.) ("Under the Code, a corporation or partnership that is in a chapter 7 proceeding is liquidated only and never receives a discharge." *Collier* at 727-8.) *NLRB v. Better Bldg. Supply Corp.*, 837 F.2d 377, 378-379 (9th Cir. 1988) (emphasis added).

21. Plaintiffs are informed and believe, and therefore allege that since Defendant HVAC filed for bankruptcy, at all relevant times, Defendant Air Synergy has substantially continued the same business operations as Defendant HVAC.

22. Plaintiffs are informed and believe that Statements of Information on the California Secretary of State's website were filed for both companies by Defendant HVAC and Defendant Air Synergy's Responsible Managing Officer/ Chief Executive Officer/ Secretary/ President Alberto Mendez on August 22, 2019 and August 20, 2019, respectively. The Statements of Information for both companies on the California Secretary of State's website state that both Defendants engage in the same type of business – "HVAC Services." Therefore, Plaintiffs allege that both Defendants offer the same service. Attached hereto as Exhibit 2 is a true and correct copy of the Statement of Information filed by Defendant HVAC with the Secretary of State on August 22, 2019 describing the "type of business of the corporation" as "HVAC Service." Attached hereto as Exhibit 3 is a true and correct copy of the Statement of Information filed by Defendant Air Synergy with the Secretary of State on August 20, 2019 describing the "type of business of the corporation" as "HVAC Services."

23.     Plaintiffs are informed and believe that both Defendant HVAC and Defendant Air Synergy's Statements of Information list Alberto Mendez as its Chief Executive Officer, Secretary, Chief Financial Officer, and President. *See* Exhibit 2 and Exhibit 3. In addition, Plaintiffs are informed and believe that the CSLB website lists Alberto Mendez as the RMO for both Defendant HVAC and Defendant Air Synergy. Attached hereto as Exhibit 4 is a true and correct copy of the Defendant HVAC's "Personnel List" with the CSLB listing Alberto Mendez as Defendant HVAC's RMO. Attached hereto as Exhibit 5 is a true and correct copy of the Defendant Air Synergy's "Personnel List" with the CSLB listing Alberto Mendez as Defendant Air Synergy's RMO.

24.     Plaintiffs are informed and believe that the CSLB website provides that both Defendants have identical classifications, including C-20 (Warm-Air Heating, Ventilation and Air Conditioning Contractor) and C-43 (Sheet Metal Contractor). *See* Exhibit 1 indicating Defendant Air Synergy's "classifications." Attached hereto as Exhibit 6 is a true and correct copy of the CSLB's Contractor's License Detail for Defendant HVAC indicating Defendant HVAC's "classifications."

25.     Plaintiffs are informed and believe that Defendant Air Synergy maintains or maintained a website that is largely identical to the website previously maintained by Defendant HVAC.

26.     Plaintiffs are informed and believe that Defendant Air Synergy employs the same supervisor, Alberto Mendez.

27.     Plaintiffs are informed and believe that at all times relevant herein, Defendant Air Synergy's Responsible Managing Officer/ Chief Executive Officer/ Secretary/ President had notice of Defendant HVAC's liability to Plaintiffs.

**FIRST CAUSE OF ACTION**
**For Federal Common Law Successor Liability Against Defendant Air Synergy**

28.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27, above.

29.     Under the federal common law successorship doctrine, liabilities of the predecessor may be passed to the successor where 1) the subsequent employer substantially continues the business operations of the predecessor, and 2) the subsequent employer had notice of the potential liability. *Steinbach v. Hubbard* 51 F.3d 843, 845-846 (9th Cir. 1995).  Successor liability has been extended to almost every employment statute, including ERISA. *Upholsterers' Int'l Union Pension Fund v. Artistic*

7

**COMPLAINT**
**Case No.**

*Furniture of Pontiac* 920 F.2d 1323 (7th Cir. 1990); *Hawaii Carpenters v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 295 (9th Cir. 1987).

30. As set forth above, Plaintiffs allege that Defendant Air Synergy substantially continues the business operations of Defendant HVAC based on the following: Defendant HVAC's Responsible Managing Officer/ Chief Executive Officer/ Secretary/ President formed Defendant Air Synergy the same month Defendant HVAC filed for bankruptcy; both Defendant HVAC and Defendant Air Synergy's Responsible Managing Officer/ Chief Executive Officer/ Secretary/ President is Alberto Mendez; Defendant Air Synergy engages in the same type of business – "HVAC Services" – as Defendant HVAC; and both Defendants have identical C-20 (Warm-Air Heating, Ventilation and Air Conditioning Contractor) and C-43 (Sheet Metal Contractor) classifications.

31. Plaintiffs are informed and believe that at all times relevant herein, Defendant Air Synergy's Responsible Managing Officer/ Chief Executive Officer/ Secretary/ President had actual knowledge of Defendant HVAC's liability to Plaintiffs.

32. Under the totality of circumstances, there are sufficient indicia of continuity between Defendant HVAC and Defendant Air Synergy to hold Defendant Air Synergy as the successor in interest to Defendant HVAC for purposes of ERISA.

33. By virtue of successor status and with notice of the potential liability, Defendant Air Synergy is liable for Defendant HVAC's liability for delinquent contributions, interest, liquidated damages, attorneys' fees and costs owed to Plaintiffs.

**SECOND CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

34. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, above.

35. Defendant HVAC has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement, Trust Agreements, and Subscriber Agreements. Defendant HVAC also has a contractual duty under the Bargaining Agreement, Trust Agreements, and Subscriber Agreements to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid

by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees. If Plaintiffs are successful in proving successor liability under the First Cause of Action, Plaintiffs allege that these contractual duties will be extended to Defendant Air Synergy.

36.     In addition, Defendant HVAC has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a). If Plaintiffs are successful in proving successor liability under the First Cause of Action, Plaintiffs allege that this statutory duty will be extended to Defendant Air Synergy.

37.     By failing to make the required payments to Plaintiffs, Defendant HVAC breached the Bargaining, Trust, and Subscription Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

38.     Defendant HVAC's failure and refusal to pay the required contributions was at all times, and still is, willful. Defendant HVAC continues to breach the Bargaining, Trust, and Subscription Agreements, by failing to make the required payments. Said refusal is unjustified and done with knowledge and intent.

39.     As discussed in more detail above, Defendant Air Synergy is the successor of Defendant HVAC and therefore liable for all amounts Defendant HVAC owes to Plaintiffs.

40.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining, Trust, and are restrained from continuing to refuse to perform as required thereunder.

41.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

42.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents,

1 Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For an Order declaring that Defendant Air Synergy, Inc. is the successor employer to Defendant HVAC Service Heating & Air Conditioning, Inc.

2. For a judgment against Defendant HVAC Service Heating & Air Conditioning, Inc. and Defendant Air Synergy, Inc. as follows:

(a) Any unpaid contributions, due at time of Judgment, including those determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants failed to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

   i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

   ii. To the Union in accordance with the Bargaining Agreements.

(b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining, Trust, and Subscription Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

3. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

4. For an order,

(a) requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

(b) enjoining Defendants from violating the terms of those documents and of ERISA; and

(c) enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

5. That the Court retain jurisdiction of this case pending compliance with its orders.

6. For such other and further relief as the Court may deem just and proper.

DATED: May 19, 2020                          SALTZMAN & JOHNSON LAW CORPORATION

                                             By:    /S/
                                                 Luz E. Mendoza, Esq.
                                                 Attorneys for Plaintiffs, Sheet Metal Workers
                                                 Pension Trust of Northern California, et al.